IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

**Daniel Davila**, individually and on behalf of all similarly situated persons,

Plaintiff,

v.

**New Enchantment Group, LLC**,

Defendant.

No. 2:23-cv-01098-PHX-SRB

**FINAL APPROVAL AND JUDGMENT ORDER**

**WHEREAS,** Plaintiff Daniel Davila ("Plaintiff"), on behalf of himself and on behalf of all others similarly situated, by and through Class Counsel, Federman & Sherwood, having moved this Court for an Order granting final approval of class action settlement, and Defendant New Enchantment Group, LLC ("NEG" or "Defendant"), through its attorneys, Freeman Mathis & Gary, LLP, having appeared at the hearing;

**WHEREAS,** this Court granted preliminary approval of the parties' Settlement Agreement in the above-captioned action ("Action") on October 29, 2024 ("Preliminary Approval Order");

**WHEREAS,** notice to the Settlement Class Members ("Class Members") was sent in accordance with the Preliminary Approval Order providing an opportunity for Class Members to receive benefits under the Settlement Agreement, opt-out, or submit objections;

**WHEREAS,** no Class Members submitted an objection and no class members submitted an opt-out statement;

**NOW,** upon the reading of the Settlement Agreement and annexed exhibits; (ii) the Motion for Final Approval (ECF No. 35) and the Motion for Attorneys' Fees, Costs, Expenses, and Service Awards (ECF No. 34), and after hearing counsel for all of the parties at the March 13, 2025, fairness hearing and after due deliberation having been held thereon, the Court grants final approval of the Settlement Agreement, and hereby find and orders for purposes of settlement only:

1. Capitalized terms used in this Order and Judgment and not otherwise defined herein shall have the definitions assigned to them in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members with respect to the following Class certified under Rule 23 of the Federal Rules of Civil Procedure:

> the 5,568 individuals identified by Defendant as having personally identifiable information compromised by the Data Breach and to whom Defendant provided written or substitute notice of the Data Breach on either February 28, 2023, or June 6, 2023.

3. The Court hereby fully, finally and unconditionally approves the Settlement embodied in the Settlement Agreement as being a fair, reasonable and adequate settlement and compromise of the claims asserted in the Action.

4. The Class Members have been given proper and adequate notice of the Settlement, fairness hearing, Class Counsel's application for attorneys' fees, and the service award to the Settlement Class Representatives.

5. An affidavit or declaration of the Settlement Administrator's compliance with the Notice process has been filed with the Court.  The Notice process as set forth in the Settlement Agreement and ordered in the Preliminary Approval Order constitutes the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class Members in accordance with the requirements of Federal Rule of Civil Procedure 23(c)(2).

6. The Court hereby orders that the Settlement Agreement shall be implemented in

accordance with its terms and conditions pursuant to the Settlement Agreement.

7. In accordance with the Settlement Agreement, Class Counsel is hereby awarded attorneys' fees, costs, and expenses in the amount of $282,500.00, to be paid as specified in the Settlement Agreement.

8. In accordance with the Settlement Agreement, the Settlement Class Representative is hereby awarded $1,500.00, to be paid as specified in the Settlement Agreement.

9. Upon the Effective Date, the Action shall be and hereby is dismissed with prejudice in its entirety as to the Defendant, with each party to bear their own costs and attorneys' fees, except as provided in the Settlement Agreement, and all the claims of the Settlement Class Members shall be, and hereby are, dismissed and released pursuant to the Settlement Agreement.

10. Each Settlement Class Member is bound by this Judgment and Order, including, without limitation, the release of certain claims as set forth in the Settlement Agreement.

11. As of the final date of the opt-out period, no opt-outs were received.

12. As of the final date of the objection period, no objections were received.

13. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

14. This Judgment and Order, and the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by the Defendant of any liability, claim or wrongdoing in this Action or in any other proceeding.

15. In the event that the Settlement Agreement does not become effective in accordance with the Settlement Agreement, then this Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in such event, all orders entered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

16. The Court hereby find that there is no just reason for delay of entry of this Judgment and hereby directs its entry.

Without affecting the finality of this Judgment in any way, this Action shall remain open, and the Court hereby retains continuing jurisdiction over (a) implementation of this Settlement Agreement; (b) disposition of the settlement funds; and (c) all parties hereto for the purpose of construing, enforcing and administering the Settlement Agreement and this Judgment.

Dated this 13th day of March, 2025.

_____
Susan R. Bolton
United States District Judge